[*Special Term, December*, 1870.]

JAMES A. PROWS *v.* THE OHIO. VALLEY INSURANCE CO.

The paragraphs in a petition, on a policy of insurance, stating: 1. That another person was the owner of the goods insured, and procured the insurance; 2. That the owner became indebted to the plaintiff and promised to insure for his benefit, and did so insure; 3. That he gave plaintiff a chattel mortgage on the goods; 4. That the goods were destroyed by fire—are not different counts in the petition, and need not be numbered as such, but are parts of one and the same count.

*Held*, also, that the giving of a chattel mortgage was not a violation of the conditions in the policy against any assignment of the policy, without consent of the company.

TAFT, J.   In this suit and three other suits, brought by the same plaintiff against different insurance companies, demurrers have been filed to what the defendants regard as four counts of each petition.

I find that the property insured was owned by Thomas L. Prows, and not by the plaintiff, James A. Prows, and that the policy was issued to Thomas L. Prows.

This petition is divided into paragraphs, which are numbered from one to six.

The first shows that Thomas L. Prows was the owner of a store of goods, etc., describing them, and that he procured insurance for four thousand dollars on said stock in the office of defendant, referring to the policy as part of the petition, the same being copied in the original petition, of which this was filed by way of amendment, and that said

Thomas L. Prows procured renewals of said policy and paid the required premiums according to the rule of the company.

By the second paragraph, the plaintiff says that previous to the fire, and while the policy was in force, Thomas L. Prows had become indebted to sundry persons on sundry notes, which he describes, and that plaintiff signed or indorsed all of said notes as surety for Thomas L. Prows, and that Thomas L. promised to keep said stock of goods insured for the benefit of the plaintiff.

By the third paragraph, it is alleged that on May 2, 1868, Thomas L. Prows, to indemnify plaintiff against loss on account of said notes, gave him a chattel mortgage on the goods in the store, describing them.

By the fourth paragraph, it is alleged, that Thomas L. Prows had become indebted also to sundry other persons, for which the plaintiff became surety to the creditors, and took another chattel mortgage on the goods to indemnify him; that at the time of the signing of said obligations as surety and receiving said chattel mortgage, said Thomas L. informed plaintiff that he had policies of insurance on said property, naming the policy sued on as one, and said that he would hold the said policy of insurance for the use and benefit of this plaintiff, and would cause the same to be renewed and keep the property insured for plaintiff's indemnity.

By the fifth paragraph, it is alleged that plaintiff has been compelled to pay said debts, and that there is due him on that account three thousand two hundred and eighty-seven dollars, beside interest.

By the sixth paragraph, it is alleged that on May 24, 1868, the property was destroyed by fire, which happened under the policy, and that on the next day, being May 25, 1868, Thomas L. transferred to plaintiff the policy in consideration of the premises, and authorized plaintiff to collect the full amount of the loss, of which defendant had notice, and

that the plaintiff holds and owns the policy; that the loss was one thousand nine hundred and twenty-seven dollars and ninety-five cents, of which defendant's share was nine hundred and sixty-three dollars and ninety-seven cents, which sum is due; that Thomas L. Prows has been declared a bankrupt, but that more than four months had intervened between the transfer of the policy to plaintiff and the filing of his petition in bankruptcy; that Rankin D. Jones is assignee in bankruptcy, but that no part of the money belongs to him.

This I regard as a petition founded on one cause of action, and with but one count; the question is, whether, taken all together, it states a good cause of action.

The policy itself, which was recited in the original petition, contained a provision, "that if the policy or any interest therein should be assigned, unless the assent thereto of said company should be obtained and indorsed thereon, the policy should thenceforth be null and void."

It is claimed that the facts stated in the petition show an assignment within the meaning of the clause of the policy referred to, and avoid the insurance. It is well settled that the transfer of the policy, after loss, is no violation of the condition against an assignment.

No formal assignment was made before the loss. But a chattel mortgage was executed on the property, and a promise made by the insured to keep the property insured for the plaintiff's benefit.

Was that an assignment to which the company's consent must be procured and indorsed?

In *Cromwell* v. *Brooklyn Fire Ins. Co.*, 39 Barb. 227, it was held, that where a purchaser agrees to insure for the benefit of his vendor and to assign the policy as his security, and subsequently does insure, but does not assign the policy, the agreement operates as an equitable assignment of the *money* payable upon the policy, but not as an assignment of the *policy;* and does not fall within the clause in

the policy making void the policy if assigned without the written consent of the company indorsed upon it. This case does not appear to have been taken to the Court of Appeals. This principle is similar to that which has been adopted in regard to the transfer of the interest in the *subject* of insurance. The pledging or mortgaging the property insured does not invalidate the policy, as an alienation thereof, if the insured party retains an insurable interest; and even the sale and transfer of the property itself, if a lien is retained, unless there be express conditions cutting off the right to recover in such a case.

In the present case there was no formal assignment before the loss, and the agreement to insure for the benefit of the plaintiff, related to the fund that might become due for the loss and not to the policy itself. There is no agreement to assign, as there was in the case of *Cromwell* v. *The Brooklyn Ins. Co.* The principle adopted in this last-named case was broad enough to cover the case at bar.

The conditions in the policy must be observed, but they are to be construed strictly. I am not willing to stop this suit on a demurrer upon this ground. I am of opinion that the plaintiff ought not to be cut off by that condition from asserting his right in the fund under the assignment made after the loss.

Nor can I order the allegations in the petition to be stricken out, which set forth the inducement to or consideration for the assignment.

On the whole, the petition is a fair statement of the case, so that the defendant is well advised of what it has to answer.

Demurrer overruled.